| 103 | 641 |
| 116 | 397 |

# Bailey, McConnell & Howard v. Smith.

*Action to recover Real Estate Agent's Commissions.*

1. *Real estate agents; rights to commissions when sale made by owner.*—
Where an agent's authority to sell lands upon certain terms is r -
voked, and thereafter the owner, in good faith, sells said lands upon
terms less favorable to himself to one who had declined to purchase
from the agent, such agent is not entitled to commissions.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.
This was an action of assumpsit, brought by the ap-
pellants against the appellee, T. R. Smith, to recover
commissions, which they claimed as real estate agents.
The testimony is without conflict and showed that the
plaintiffs were real estate agents or brokers in the city
of Birmingham, and that in July, 1892, the defendant
placed in their hands, for sale, a house and lot; that
the terms of sale were $3,000, one-half to be paid in
cash and the balance in one and two years, in equal in-
stalments, with interest from the date of sale. The
property was to be sold in its then unfinished condition,
and the plaintiffs were to receive 5 per cent. of the pur-
chase price as their commissions. No time was agreed
upon in which the plaintiffs were to make the sale. The
house was in an unfinished condition, there being no
plumbing in it, no fences, and no closets. After the
property was placed in the hands of the plaintiffs they
carried several prospective purchasers to look at the prop-
erty. Among those to whom the property was shown by
the plaintiffs was one McClintock and his wife, who were
introduced to the defendant by the plaintiffs when at
said house. After looking at the property the said Mc-
Clintock told one member of the plaintiffs' firm that
he would not buy the property. The day after this
statement by McClintock the defendant told the plain-
tiffs that if the property was not already sold, he would
take it off of the market; and upon the plaintiffs tell-
ing him that they had not been able to sell the property
the defendant took the property out of their hands as

41

real estate agents. Two or three weeks after the property was withdrawn from the plaintiffs the said McClintock approached the defendant and offered to buy the property from him, but only on condition that the plumbing was put in and the house completed. To complete the house, as required by the said McClintock, would cost about $200. After this proposition from McClintock, the defendant called on the plaintiffs and asked them whether they would claim any commissions of him if he sold the property to McClintock. The plaintiffs replied that they would, and proposed to take $125 as commissions, but finally said they would take $100. The defendant declined to pay said commissions, and finally the defendant sold the house and lot in question to the said McClintock, after having completed the house at an additional cost of $223. The purchase price of the house and lot was $3,050, one-half cash, and the balance in one, two and three years, in equal instalments, without interest. The plaintiffs then brought the present action to recover the $100, the amount of commissions which they proposed to accept from the defendant. The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence judgment was rendered for the defendant. The plaintiffs appeal and assign as error the judgment thus rendered.

E. J. SMYER, for appellant, cited *Henderson v. Vincent*, 84 Ala. 99; *Bir. Land & Loan Co. v. Thompson*, 86 Ala. 149; *Plant v. Thompson*, 22 Pac. Rep. 726.

LANE & WHITE, *contra*.—1. The defendant had the right to revoke plaintiffs' authority at any time he saw proper.—*Chambers v. Seay*, 73 Ala. 372; *Henderson v. Vincent*, 84 Ala. 99.

2. A broker or real estate agent employed to make a sale of land on specified terms, becomes entitled to his commissions only when he procures a purchaser, who is able, ready and willing to buy on the terms specified.— *Sayre v. Wilson*, 86 Ala. 151; 2 Amer. & Eng. Encyc. of Law, 586, and cases cited in note 1; *Sibbald v. Bethlehem Iron Co.*, 83 N. Y. 378; 38 Amer. Rep. 441; *Wylie v. Marine Nat. Bank*, 61 N. Y. 415.

2. Plaintiffs sued upon one of the common counts,

[Bailey, McConnell & Howard v. Smith.]

namely, for work and labor done, and having shown a special contract, to entitle them to recover they must show that the special contract has been fully performed and that nothing remains except the simple duty of the defendant to pay the money.—*Mahan v. Smitherman*, 71 Ala. 563; *Burkham Bros. v. Spiers*, 56 Ala. 547.

HEAD, J.—Action by appellants, real estate brokers, against appellee for commissions. Tried by the court without a jury, who found for defendant. The material facts will be set out by the reporter. Plaintiffs, while they had the property for sale, procured Mr. McClintock and others to look at it with the view of buying, but, after making every effort, were unable to induce any of them to agree to defendant's terms. The next day after McClintock looked at the property, the plaintiffs' authority to sell was revoked by defendant. McClintock notified plaintiffs he would not buy. Some three or four weeks afterwards, he, McClintock, began negotiations with defendant himself, which resulted in a sale. The evidence shows that the terms of the sale, as made, were materially different from those upon which plaintiffs were authorized to sell, and far less favorable to the defendant, and that they were the best terms defendant could obtain. The evidence clearly repels all suspicion of collusion between owner and purchaser to deprive plaintiffs of their commissions. All parties acted in good faith. If defendant is now required to pay plaintiffs what they claim (and are entitled to, if entitled to anything) he will have realized quite that sum less for his property than he would have realized, had they found a purchaser on the terms upon which they were authorized to sell. The defendant's agreement to pay commissions was upon condition that a sale was made upon the terms prescribed. He had a right to revoke the brokers' authority at any time, and having revoked it, and it being impossible to sell to McClintock, except upon terms much less favorable to defendant; and good faith being exercised throughout—no intention to defraud plaintiffs of their commissions—defendant had the right to make the sale to McClintock, without incurring liability to plaintiffs for commissions.

Affirmed.