# Hutto *v.* Stough & Hornsby.

## *Action for Broker's Commission.*

(Decided June 30, 1908. 47 South. 1031. Rehearing denied Dec. 24, 1908.)

1. *Brokers; Commissions; When Earned.*—A broker employed to sell land is entitled to his commission when he procures a purchaser ready, able and willing to purchase on the terms agreed upon in the contract of employment.

[Hutto v. Stough & Hornsby.].

2. *Same; Revocation of Authority; Jury Question.*—The evidence in this case stated and examined, and it is held that under it, the question of whether or not plaintiff's agency to sell the land was revoked before the sale, was a question to be decided by the jury.

3. *Same; Commissions; When Earned.*—Where the sale was interrupted at the request of the owner to hold the proposition for a few days, so as to ascertain if he could borrow the money on the land, and during such time the owner continued negotiations along the same line and concluded the sale, without terminating the agency of the broker, the broker was entitled to his commission.

4. *Same; Compensation; Statute of Frauds.*—The Statute of Frauds does not require that a contract for broker's commissions on the sale of land should be in writing.

5. *Appeal and Error; Instructions Requested in Bulk.*—Where the request was, and the exception stated, "the refusal to give instructions numbered 1, 2 and 3," such request was in bulk and error cannot be predicated thereon, if anyone of such was properly refused.

5. *Same; Record; Admission of Evidence.*—The court cannot review an asignment of error in the admission of a deed in evidence where such deed is not set out in the bill of exceptions.

7. *Same; Harmless Error; Admission of Evidence.*—Where the consideration for the deed was fully shown by the other evidence admitted without objection, the admission of the deed in evidence to show the consideration thereof as a basis for the broker's commissions, if error, is harmless.

8. *Same.*—Where the verdict is within the amount contracted for by the parties, error in the admission of evidence as to the reasonableness of commissions for the sale, is harmless.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Stough & Hornsby against N. J. Hutto. From a judgment for plaintiffs' defendant appeals. Affirmed.

The complaint was as follows: (1) By account. (2) For work and labor done. (3) "Plaintiff claims of defendant the sum of $275, with interest thereon from the 5th day of January, 1907, for that whereas, on or about the 1st day of December, 1906, defendant employed the plaintiffs, who were doing business in real estate in the town of Dothan, Ala., to obtain for him a purchaser for a certain tract of land in the town of Dothan, Ala., known as the 'Hutto shop lot,' and agreed with the plaintiffs that they should be paid for their services 5

[Hutto v. Stough & Hornsby.]

per cent. of the purchase price, which property was to be sold for not less than $5,000. And plaintiffs aver that within a reasonable time thereafter, and while said agreement was in full force, they obtained a purchaser for said property at and for the sum of $5,000, the said purchaser agreeing to pay $2,500 in cash and $3,000 in real estate, said purchaser being acceptable to defendant, and that said defendant did accept said purchaser and conveyed to said purchaser said tract of land known as the 'Hutto shop lot." (4) Same as 3, down to and including the words, "5 per cent. of the purchase price," where they first occur therein, with the following addition: "Which property was to be sold or exchanged for other property on a valuation of not less than $5,000, and, in case same was exchanged for other property, not less than $2,000 should be in cash, and the balance of the purchase price to be paid in other property, to be valued by defendant." The allegation following is the same as count 3, after the words, "not less than $5,000," where they occur in said count 3.

Demurrers were filed to counts 3 and 4 as follows: "(1) Because said counts fail to aver whether the contract of employment between plaintiff and defendant was oral or in writing. (2) Because said counts seek a recovery for a breach of contract, and fails to aver whether the contract was verbal or written, and fails to set out what the original contract was between plaintiffs and defendant. (3) Because the complaint seeks to recover for the breach of a contract for the conveyance of real estate, and fails to aver that the contract for the conveyance of the real estate was in writing and signed by the defendant."

The bill of exceptions in reference to the charges states: "The defendant requested the court to give the jury the following charges, which were in writing:

Then follow the charges 1, 2, and 3. Charge 1 is the general affirmative charge. (3) 'The court charges the jury that a real estate broker's commissions are earned whenever he procures a purchaser or buyer who will comply with the conditions fixed by his principal for the property proposed to be sold. But it is to be understood that this rule depends not only on the fact that the broker is to be regarded as the agent of the seller, but that as such agent he acts with the utmost good faith towards his principal, and if he does not so act he is entitled to nothing.' " The record then concludes: "Court refused each of the above charges, numbered 1, 2, and 3, and defendant duly excepted to the court's refusal to give said charges numbered 1, 2, and 3."

C. E. HARMON and R. L. HARMON, for appellants. All the testimony of both plaintiffs when considered in the light of *Henderson v. Vincent,* 84 Ala. 99 and *Chambers v. Seay,* 73 Ala. 372, entitled the defendant to the affirmative charge. On these authorities the court erred in refusing the charges requested by defendant.—*Jones v. King,* 81 Ala. 285; *Martin v. Massey,* 127 Ala. 504.

GAINES & COOPER, for appellee. No brief came to the reporter.

SIMPSON, J.—This suit was brought by the appellees against the appellant to recover commissions claimed by the plaintiffs as real estate brokers for a sale of lands of the defendant.

The testimony of the plaintiffs was that in 1896 (a few days after December 1st) defendant employed them to sell the property at $6,000 on a commission of 5 per cent.; that afterwards defendant authorized them to sell at $5,500, and then at $5,000; that shortly thereafter plaintiffs offered the property to Judge Leslie, who re-

fused to purchase at the price named, but offered a tract of land containing 400 acres and $1,000 in money, and after several conversations late in December Lesslie offered either 200 or 400 acres of land $2,200 or $2,250 in money for the property, which was reported to the defendant, who said he would prefer to sell for all money, and would rather borrow the money for his present emergency, but requested plaintiffs to hold the offer for a few days and give defendant an opportunity to sell if he could not borrow the money, and that he would see plaintiffs again; that a few days thereafter they heard that defendant had traded with Lesslie, and went to him for their commissions, and he promised to pay same; that defendant never revoked their authority, etc.

Judge Leslie, as a witness for plaintiffs, corroborates in the main plaintiffs' testimony as to the negotiations with him, differing somewhat as to dates, stating that his first conversation with plaintiffs was about the last of October or the 1st of December—"about two or three weeks before" he traded with defendant, which was on January 5, 1907. He also states that, though the deed recited a consideration of $5,500, according to the value placed by himself and defendant on the land which he conveyed to defendant, the consideration really amounted to $4,500.

The testimony of defendant, differed from that of plaintiffs, in that defendant stated that, when he employed plaintiffs, they agreed, as a consideration for his listing the property with them, that, if they did not sell his property before certain parties began to "crowd him" on a mortgage which they held against him, they would advance the money to pay off said mortgage; that, when said parties did "crowd him," he appealed to plaintiffs, and they refused to let him have the money,

[Hutto v. Stough & Hornsby.]

saying that they had done all they could to sell the property, and had failed; and that he then told them "that they need not do anything else toward selling or trying to sell the porperty, and they remarked, 'All right,' and he walked out of their office."

When a broker, employed to sell lands, procures a purchaser ready, able, and willing to purchase on the terms agreed on between the principal and the broker, he is entitled to his commissions; but where this is not done, and other circumstances intervene, it is sometimes difficult to define the rights of the parties. It has been said that "if a broker attempts unsuccessfully to effect a sale, and his proposed purchaser abandons the idea of buying, but is afterwards induced to do so by the principal, or by another person, without being in any way induced by the broker, the latter is not entitled to his commissions. So, where the broker has had a reasonable time in which to effect a sale, and has failed to do so, the principal may take the negotiations out of his hands and complete them himself; and the fact that the sale was made to a customer presented by the broker does not entitle him to commissions." 4 Am. & Eng. Ency. Law (2d Ed.) 978. There are also authorities to the effect that where the negotiations are commenced by the broker, and the principal carries them on to completion, even on terms different from those originally authorized, the broker is entitled to his commissions. Id. 979.

Of course, both the broker and principal must act in good faith, and any attempt on the part of the principal to evade his liability by a mere device, when the sale was really procured in good faith by the broker, will not have the effect of depriving the broker of his commissions.—*Henderson v. Vincent,* 84 Ala. 99, 4 South. 180; *Cook & Bro. v. Forst et al.,* 116 Ala 395,

22 South. 540. As stated in the case last cited: "The owner of real property, by employing a real estate agent or broker to effect a sale of the property, does not thereby preclude himself from employing other agents for the same purpose, or from effecting a sale himself, provided that in making the sale himself he acts in good faith. The owner of the property would not be permitted to avail himself of the services of an agent, who procured a purchaser, to effect a sale himself to such purchaser, and thereby deprive the agent of his commission; nor could he effect such sale, at a small reduction from the price at which the agent was authorized to find a purchaser, nor make immaterial changes in the terms of the sale, if the purpose of the reduction was merely to save the commission agreed to be paid to the agent." 116 Ala. 396, 22 South. 540. In another case, where the broker had failed to sell at the price fixed, and the owner of the property revoked the authority of the broker, and three or four weeks thereafter began negotiations with the same party, and sold to him on terms materially different, this court held that, there being no intention to defraud, the broker was not entitled to his commissions.—*Bailey, McConnell & Howard v. Smith,* 103 Ala. 641, 15 South. 900.

Under these authorities, and in view of the conflict in the testimony as to the nature of the contract between the parties and as to whether there was a revocation of the authority to the plaintiffs to sell, there was no error in the refusal of the court to give the general charge in favor of the defendant. If, as claimed by the plaintiffs, they were interrupted in their negotiations for a sale of the property by the request of the defendant to hold the propositions for a few days, until he could ascertain whether he could borrow the money, and during said few days, without terminating the agency, defendant continued the negotiations along the

same line, and concluded the sale even at a less purchase price, the brokers would be entitled to their commissions. On the other hand, if the contract was as stated by the defendant, and the agency terminated as stated by him, the plaintiffs would not be entitled to commissions.

There was no error in overruling the demurrer to the complaint. The only contention is that the contract set out is violative of the statute of frauds, and the contract sued on is not within the statute of frauds.

From the manner in which the charges were asked, and the statement in the bill of exceptions as to the action thereon, if either was properly refused, the court cannot be placed in error.—*Bell v. State,* 140 Ala. 65, 37 South. 281; *McClure v. State,* 148 Ala. 626, 629, 42 South. 813; *Rarden v. Cunningham,* 136 Ala. 263, 267, 34 South. 26; *Verberg v. State,* 137 Ala. 74, 78, 34 South. 848, 97 Am. St. Rep. 17. At any rate, as to the only other charge on which an argument is made, to wit, charge 3, it was misleading, because, although it is true that a broker has earned his commissions when he has procured a purchaser who is willing and able to comply with the conditions of sale fixed by the principal, yet, as shown by the foregoing authorities, the broker may be entitled to his commissions, under certain conditions, even though the final proposition was not made through him, and the property was sold by the principal, continuing the negotiations commenced by the broker, at a price less than that at which it was listed. Both parties must act in good faith.

The is no merit in the assignment touching the admission of the deed in evidence, for the reasons, first, that the deed is not set out in the bill of exceptions, and, second, the court limited its admissions to aid the jury in determining on what amount the plaintiffs were entitled to commissions, if they were entitled at all, and

Judge Lesslie was afterwards allowed, without objection, to testify to what the consideration named in the deed was, and what the real consideration was.

The error in allowing proof of the reasonable charge for selling said property was without injury, as the jury evidently gave a verdict for only 5 per cent. on $4,500, which would be $225, with interest.

The judgment of the court is affirmed.

TYSON, C. J., and DOWDELL, ANDERSON and DENSON, JJ., concur.