YOUNG v. HUBBARD.

1. BROKERS — REAL ESTATE — COMMISSIONS—ACTION— EVIDENCE—ADMISSIBILITY.

In an action by a broker to recover commissions on the sale of real estate, the defense being that plaintiff's employment had been canceled before sale was made, evidence that defendants had a more favorable offer for the property than that made through plaintiff was material.

2. SAME—INSTRUCTIONS—MODIFICATION—PROPRIETY.

A requested instruction to the effect that plaintiff could not recover if the purchaser had in fact and in good faith abandoned negotiations through plaintiff, before the matter was taken up with the same purchaser by another broker who made the sale, was proper to give, and was improperly modified by an addition to the effect that plaintiff must have led defendants' agent to believe he had abandoned the transaction; since defendants had the right to cancel the employment, and had the right to be the moving party in such cancellation.

Error to Wayne; Rohnert, J. Submitted April 15, 1908. (Docket No. 78.) Decided September 15, 1908.

Assumpsit by John C. Young and Justice R. Pearson against Kate L. Hubbard and the Hubbard Land Company for commissions on the sale of real estate. There was judgment for plaintiffs and defendants bring error. Reversed.

*Walker & Spalding,* for appellants.

*A. W. Wier,* for appellees.

McALVAY, J. This is an action to recover a commission on a sale of real estate. From a judgment entered on a verdict for plaintiffs, the defendants bring error.

That the plaintiffs were, in October, 1905, employed by defendants, on certain terms, to negotiate the sale of cer-

tain real estate in the city of Detroit is undisputed, as also is the fact that plaintiffs entered into negotiations with a Mr. Reed and wife, and from them, on December 13, 1905, submitted to defendants a proposition to purchase on certain terms, which proposition was afterwards dropped. There is a dispute as to which party declined to carry it through.   It is also undisputed that this was the only proposition plaintiffs submitted to defendants relative to a sale by them of these premises.   Defendants sold the property, through W. H. Pocock, to the same Mr. Reed and wife, on or about March 15, 1906, for the sum of $35,000.

The defense to the suit was (1) that, after the submission of the proposition above referred to, plaintiffs stated to them that they had given it up; "that the thing was off;" (2) that the Reeds had in fact abandoned all negotiations of purchase through plaintiffs before it was taken up with them through Mr. Pocock; that plaintiffs were informed defendants were negotiating a sale through other parties; (3) that plaintiffs did not have the exclusive right of sale; and that defendants had abandoned the employment of plaintiffs in this transaction.   The errors assigned relate to the refusal of the court to admit certain evidence offered by defendants, to refusing certain requests to charge presented by defendants, and to certain parts of the charge as given.   Defendants in their brief contend that,

"Irrespective of an abandonment by the plaintiffs, and provided the parties acted in good faith,

"(1) The defendants had the right to abandon or cancel the employment of the plaintiffs.

"(2) The defendants had the right to engage a second agent to sell the property, and to make a sale through such agent to a person whom the first agent had brought as a prospective purchaser, and it would then be a question for the jury as to which agent was the procuring cause of the sale.

"(3) The defendants had the right to engage a second agent to sell the property, and to make a sale through

such agent to a person whom the first agent had brought as a prospective purchaser, and the plaintiff cannot recover (*a*) if such prospective purchaser had given up the purchase of the property before being approached by the second agent, or (*b*) in the absence of reasonable ground for the defendants' believing that the first agent was still negotiating with such prospective purchaser."

The errors assigned are discussed by defendants with reference to their bearing upon these propositions.

Under the first proposition, during the trial, defendants offered evidence which they claimed tended to prove that they had abandoned plaintiffs' employment. Mr. Walker was testifying. Among other things he said :

"Between the time that Mr. Pearson (one of the plaintiffs) was in and said the deal was off and the time that Mr. Pocock took hold of it, I think Mr. Reed had been in once or twice, and had had some negotiations with reference to buying the Boulevard half of the property. I had been negotiating with Mr. Dingwall for a sale to another party, and had also negotiated with Partridge and Blackwell for a sale for a Catholic hospital, and had finally gotten a proposition from them, which I submitted to Mrs. Hubbard.

"*Q.* On more or less favorable terms than those originally granted in the Reed proposition, the Partridge, etc.—

"*Mr. Weir:* Objected to as immaterial.

"*Mr. Spalding:* The purpose is this, I wish to show an abandoning on our part.

"*The Court:* I will exclude it. Note an exception."

Defendants excepted, and assign error. This testimony was offered as bearing upon the question whether defendants had abandoned or canceled the employment of the plaintiffs. We do not find that the right to do so is disputed. Plaintiffs' claim is that it was not canceled or abandoned. If the right be conceded, then evidence tending to show the fact was material, and its exclusion would be erroneous. This evidence which was excluded would tend to prove the contention for which it was offered. *Bailey* v. *Smith*, 103 Ala. 641. In that case the court said :

"The defendant had a right to revoke the brokers' authority at any time; and, having revoked it, and it being impossible to sell to McClintock, except upon terms much less favorable to the defendant, and good faith being exercised throughout—no intention to defraud plaintiffs of their commissions—defendant had the right to make the sale to McClintock, without incurring liability to plaintiffs for commissions."

In *Earp* v. *Cummins*, 54 Pa. 394, where the same question was before the court, it held:

"An advertisement or any other service is enough if it be the immediate and efficient cause of the bargain. But if the services of the broker, whatever they be, fail to accomplish a sale, and, several months after the proposed purchaser has decided not to buy, he is induced, by other persons, to reconsider his resolution, and then makes the purchase as a consequence of such secondary or supervening influence, the broker has no right to a commission. In a certain sense it may be true that the purchase was in consequence of the broker's advertisement; * * * but the evidence in this case shows that it was at least due to another, so distinct and separate a cause that it was a mistake to permit the broker to recover. * * * His agency was not the immediate and efficient cause of the sale."

Defendants presented the following request to charge:

"That the plaintiffs cannot recover if the Reeds had in fact and in good faith abandoned their negotiations for the purchase of the property, through the plaintiffs, before the matter was taken up with the Reeds by Mr. Pocock."

This the court refused to give as presented, but added a modification as follows:

"The plaintiff cannot recover if Mr. Reed had abandoned negotiations for the purchase of the property before the matter was taken up by Mr. Pocock, if Mr. Pearson had led Mr. Walker to believe that he had abandoned all efforts to make the sale, and had abandoned the idea of association with the transaction any further."

This is assigned as error. We have already held that defendants had the right to abandon or cancel the employ-

ment of plaintiffs. It follows that they had the right to employ another agent. Plaintiffs, in order to recover, must make it appear that their services were the efficient cause of the sale. There was proof in the case tending to show that the Reeds had abandoned all negotiations for the purchase of this property through plaintiffs. Whether they had or not was a question of fact for the jury, and defendants were entitled to have the request given without modification. The theory advanced by the court in the modification, as a condition before recovery could be defeated, was erroneous. The defendants could be the moving party in the cancellation of agency, and whether they had done so or not was also a question of fact. This is the holding of the courts upon both propositions in the cases above cited. The fact that the first agent had negotiations with a purchaser is not the controlling fact. Such services of the agent, as already stated, must have been the efficient cause of the sale, which could not be the case if the jury should find the facts as contended for by defendants in the suit at bar. The owner and the purchaser under all circumstances must of course be found to have acted in good faith. This disposes of all matters necessary to be discussed.

The judgment of the circuit court is reversed, and a new trial ordered.

GRANT, C. J., and BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.