(129 So. 42)

## GREESON v. COUNTY BOARD OF EDUCATION OF ELMORE COUNTY.

### 5 Div. 59.

Supreme Court of Alabama.

May 31, 1930.

Rehearing Denied June 26, 1930.

See also 217 Ala. 565, 117 So. 163.

Tate & Reneau, of Wetumpka, for appellant.

Holley, Milner & Holley, of Wetumpka, for appellee.

SAYRE, J.

 Appellant had judgment against appellee for the purchase price—which was the fair market value, according to appellant's testimony—of a carload of lumber used in the erection of a schoolhouse. A contractor had undertaken to build the schoolhouse and had applied to appellant for the lumber. Appellant's case was that he had refused to extend credit to the contractor, and had furnished the lumber to the contractor on the sole credit, and in pursuance of the express agreement, of the county board to pay for it. The jury returned a verdict for appellant, and there was judgment accordingly; but, on appellee's motion, that judgment was set aside. From the last-mentioned ruling this appeal is taken. The language of the ruling was: "Motion granted on considerations other than weight of evidence." The evidence in respect of the question to whom credit for the lumber was extended, whether to the contractor or to the county board, was in conflict. We think, in agreement with the trial judge, the judgment could not properly have been set aside on the ground that the verdict was not sustained, to use the language of the statute, section 9518 of the Code, by the great preponderance of the evidence. It remains, then, to inquire whether that action of the court should be reversed on any other ground. It is conceded that, if it can be affirmed on any ground assigned in the motion that the verdict, and the judgment in pursuance thereof, were infected with error, the ruling on the motion must be approved.

We reaffirm what was said by this court on the former appeal. Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163. If the county board accepted appellant's lumber and used it in the erection of the schoolhouse with the knowledge it was being furnished on the credit of the board and not on the credit of the contractor, the board ought to pay for it—this, regardless of the form of the contract or the fact that there may have been no formal contract between the parties. Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163. Appellee quotes, mutatis mutandis, the opinion in Alabama G. S. R. R. Co. v. Moore, 109 Ala. 397, 19 So. 804, 805, as follows: "an implied promise to pay Greeson for the lumber cannot be raised in the face of an express promise to pay McInish (the contractor) for the same consideration." Premising that Greeson was the Greeson Manufacturing Company, there is no difficulty in differentiating that case and this. There the action was on an implied promise to pay for railroad ties; but the railroad had its express contract for the ties with one Scott. Plaintiffs in that case sought to show, in substance, that they, when delivering the ties in question, had informed Osborne, cross-tie inspector for the defendant, that they would look to defendant for their pay. We quote enough of the opinion in that case to show the very clear distinction between it and the case in hand: "Under the evidence, the plaintiffs have failed to show any express contract with defendant, by which it became liable in any way for these ties. The sole contention for a recovery is based on an alleged implied contract to pay for them,—implied alone from the fact, that the ties were used by the defendant. The implied promise has no foundation outside the acts of Osborne, and it is very clear that an implied promise cannot arise from the conduct of a special agent with limited powers, who had no authority to make an express promise. And besides, an implied promise to pay plaintiffs for the ties cannot be raised in the face of an express promise to Scott, for the same consideration. Lankford v. Green, 52 Ala. 104; Shumake v. Nelms' Adm'r, 25 Ala. 135; Huntsville Belt Line v. Corpening, 97 Ala. 689, 12 So. 295."

In the present case the carload of lumber was delivered to the contractor for use in the school building, but, according to the testimony of appellant, it was delivered on the credit of the board. True, McInish had a contract for the complete building; but, on the other hand, and according to appellant's testimony (accepted, evidently, by the jury, and very reasonable in itself), McInish could not perform the contract—at least, did not—unless the board would lend its help by purchasing the carload of lumber the price of which is here in suit.

Our conclusion is that no rule of public policy stood in the way of appellant's recovery, nor can we affirm that the jury made a mistake in its consideration of the effect of the evidence.

The order setting aside the verdict is reversed, and the judgment in favor of appellant is reinstated.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.