45 So.2d 328

### RILEY v. SROFE.

5 Div. 293.

Court of Appeals of Alabama.

March 21, 1950.

J. Sydney Cook, Jr., of Auburn, for appellee.

Walker & Walker and R. C. Smith, of Opelika, for appellant.

CARR, Judge.

This is an appeal from a judgment ordering a new trial in a proceeding involving the right of property.

The order granting the motion does not disclose on what ground it was granted. In this state of the record the judgment must be sustained on review if we conclude that it was authorized on any ground assigned in the motion. Peyton v. Lewis, 10 Ala.App. 360, 64 So. 472; Bridgeforth v. National Life & Accident Ins. Co., 25 Ala.App. 75, 140 Co. 770; W. M. Templeton & Son et al. v. David, 233 Ala. 616, 173 So. 231; American Mutual Liability Ins. Co. v. Louisville & N. R. Co., 250 Ala. 354, 34 So.2d 474; Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331.

The converse is, of course, true. If the judgment granting the motion cannot be sustained on any one of the grounds, a reversal must follow.

One of the grounds of the motion is that the verdict was contrary to the evidence.

The property involved is a Chevrolet automobile.

The car was taken from George Riley under a civil execution. Mrs. Martha L. Riley, mother of George, claimed the car as her own. In the trial of right of property a verdict was returned in favor of the claimant. This verdict was set aside, as we have indicated.

In its material aspects the evidence is not in dispute.

Mrs. Riley testified that she purchased the automobile from Mr. G. B. Davidson in 1947 and paid cash for the property. An assignment of title from Mr. Davidson to Mrs. Riley was introduced in evidence. Mrs. Riley testified also that she was a widow; that her son, George, did not pay any of the purchase price; that he was only twenty years of age; that the automobile was used for family purposes by herself and her two sons, George and Albert; that Albert used the car while he was stationed at Fort Benning at which place she frequently visited him; that she let her son, George, have the car after he entered college at Auburn, Alabama; that he was a cripple and needed the automobile for convenience of travel about the campus. The car was seized while in possession of George at Auburn, Alabama.

Mrs. Riley testified that on one of her visits to her son, Albert, in Georgia, she registered the automobile in her name in that state. It appears that at a subsequent time the car was registered there in Albert's name. The automobile was carrying a Georgia license tag at the time it was seized.

According to the officer's testimony, when he took the property, George stated to him that the car belonged to his mother, Mrs. Riley.

The evidence we have delineated appears in the record without conflict or denial.

In the oft cited case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, 739, the Supreme Court held:

"The power to set aside verdicts has been generally regarded in this country as inherent in courts organized upon the principles of common law, though in some states it is regulated by statute, enumerating the grounds upon which a motion for a new trial may be made. The power is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of juries, which sometimes occur. But, in exercising the power, the court should be careful not to infringe the right of trial by jury, and should bear in mind that it is their exclusive province to determine the credibility of witnesses, to weigh the testimony, and find the facts. Being selected for their impartiality and qualifications to judge facts and unanimity of opinion and conclusion being required, their verdicts are presumed to be correct. It has been said that no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence. Hilliard on New Trials, 339. The power should be exercised only when it affirmatively appears that the substantial ends of justice require the examination of the facts by another jury."

"When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial. No court, possessed of a proper sense of justice, and a due regard for a fair and impartial administration of the law, can afford to allow such a verdict to stand. But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence."

See also, McEntyre et al. v. First Nat. Bank of Headland, 27 Ala.App. 311, 171 So. 913; Greeson v. Board of Education of Elmore County, 221 Ala. 483, 129 So. 42.

■ We are not unmindful of the rule which provides that because the trial judge saw and heard the witnesses a presumption is indulged in favor of his ruling in granting a motion for a new trial.

We give full force and effect to this doctrine, and yet it is our inescapable conclusion that the lower court was not authorized to grant the motion for a new trial on the ground of instant concern. The recitation of the undisputed evidence hereinabove makes this view evincingly apparent.

■ Ground 5 of the motion is predicated on the introduction of an exhibit in evidence. The document was introduced without objections by the appellee. The attempt to present this ruling for the first time by a motion for a new trial is wholly ineffectual. This is not the office or function of the motion. A motion for a new trial cannot take the place of an objection to the introduction of evidence which should have been interposed during the progress of the trial.

Title 7, Sec. 276, Code 1940 provides that a motion for a new trial may be granted for: "Error of law occurring at the trial and *excepted to by the party making the application.*" (Emphasis ours.)

See also, Geter v. Central Coal Co., 149 Ala. 578, 43 So. 367; McLendon v. Bush, 127 Ala. 470, 29 So. 56; Bingham v. Davidson, 141 Ala. 551, 37 So. 738; Greek-American Produce Co. v. Louisville & N. R. Co., 1 Ala.App. 272, 55 So. 455; City of Birmingham v. Cain, 17 Ala.App. 489, 86 So. 124.

We do not find any basis whatsoever in the record for the sixth ground of the motion.

■ Grounds 7 and 8 of the motion pose the position that the court erred in admitting in evidence appellant's exhibits 2 and 3. Exhibit 2 is a receipt evidencing the payment for a tag for the car in question. The receipt was issued by the Probate Judge of Houston County, Alabama. Exhibit 3 is a certificate of transfer of the license tag from G. B. Davidson to Mrs. Riley. This was also issued by the Probate Judge of Houston County.

The insistence is made that the allowance of these exhibits was error because of a noncompliance with Title 7, Sec. 428, Code 1940.

It is doubtful that the grounds of the objections to the introduction of these exhibits properly raised the question upon which insistence is made.

All this aside, the transactions here disclosed were established by other evidence that was in no manner disputed. Subsequently to the introduction of these two documents, Mrs. Riley testified without objections that she purchased the car from Mr. Davidson and that she bought a tag for the automobile at the probate office in Houston County.

Our courts are committed to the rules that provide where a fact is undisputed error in admitting evidence bearing alone on that point is error without injury; and error in admitting evidence to establish facts otherwise properly established is not prejudicial. Simmons v. Cochran et al., 252 Ala. 461, 41 So.2d 579; Napier et al. v. Elliott, 162 Ala. 129, 50 So. 148; Farmers' Mut. Ins. Ass'n of Alabama v. Tankersley, 13 Ala.App. 524, 69 So. 410; Chenault v. City of Russellville, 233 Ala. 60, 169 So. 706; American Automobile Ins. Co. v. Watts, 12 Ala.App. 518, 67 So. 758; U. S. Lumber & Cotton Co. v. Cole, 202 Ala. 688, 81 So. 664; Southern R. Co. v. Lewis, 165 Ala. 451, 51 So. 863; Gambill v. Cooper, 159 Ala. 637, 48 So. 691; Hutto v. Stough & Hornsby, 157 Ala. 566, 47 So. 1031.

The lower court was not authorized to grant the motion on the grounds of instant review.

■ On ground 9 of the motion the movant complains that among the exhibits that the jury took to its room was included a document to the introduction of which objections had been sustained. There was no evidence taken at the time the motion was heard and there is no proof of the occurrence about which complaint is made.

In any event, the paper is a certification that the Probate Judge of Houston County issued a motor vehicle tag to G. B. Davidson for the car in question. There is no

dispute in the evidence that Mr. Davidson once owned the car and that he sold it to Mrs. Riley. The verdict of the jury could not have been in any manner influenced by the presence of this paper among the exhibits.

The action of the court in granting the motion for a new trial could not have been properly based on this ground.

 Over appellee's objection the court allowed in evidence exhibit 5 purporting to be a 1947 Georgia certificate of registration of the automobile. This paper contains "Mrs. Martha L. Riley" as owner.

Under ground 10 of the motion for a new trial the appellee bases the insistence that the court erred in admitting this document. Without objections, Mrs. Riley explained in detail the circumstances incident to the issuance of this certificate. There is no dispute in the evidence with reference to the matter.

Our response hereinabove to grounds 7 and 8 of the motion applies with equal force here.

We have reviewed all the presented questions.

It follows that the judgment setting aside the verdict of the jury and granting the motion for a new trial is reversed and the judgment in favor of the appellant is ordered reinstated.

Reversed and rendered.