216 So.2d 713

**Eula Mae ADAMS**

**v.**

**Howard LANIER.**

**6 Div. 269.**

Supreme Court of Alabama.

Dec. 12, 1968.

**322**

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

Huey, Stone & Patton, Bessemer, for appellee.

COLEMAN, Justice.

In action for personal injury, defendant appeals from judgment of the trial court granting plaintiff's motion for new trial.

Plaintiff sued for personal injury sustained in automobile collision allegedly caused by negligence of defendant in operating an automobile at a street intersection. Defendant pleaded in short by consent the general issue, with leave, etc. The defenses submitted to the jury were the general issue, contributory negligence of the plaintiff, and release of defendant by the plaintiff. Defendant states in brief:

"As true in probably the majority of litigated cases, the evidence on the issues of fact was in sharp conflict. . . . ."

In view of another trial we will not undertake to set out the evidence.

The jury returned a verdict for defendant and the court rendered judgment for defendant. Plaintiff filed motion for new trial and the court granted the motion expressly "on Grounds One and Two." Those grounds recite:

"1. For that the verdict of the jury is so contrary to the evidence as to be wrong and unjust.

"2. For that the verdict of the jury is so contrary to the evidence as to shock the conscience of the court."

Defendant cites and relies on the rule expressed as follows:

". . . . But, when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. . . . ." Cobb v. Malone, 92 Ala. 630, 635, 9 So. 738, 740.

Defendant says that there was evidence on both sides and some evidence to support the verdict, and, therefore, the court erred in granting a new trial. For that reason,

defendant argues that we ought to reverse the judgment granting the motion.

 The rule quoted above is for the guidance of the trial court which must grant or deny the motion for new trial. On review of the ruling of the trial court on the motion, the appellate court is to be guided by the rule of review set out in the remainder of the paragraph from which the above quotation was taken. The remainder of the paragraph recites:

" . . . . Comparing the analogous rules above stated, and the rules established by other appellate courts, we deduce therefrom, and lay down as rules for the guidance of this court, that the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict. Of course, these rules are not inflexible; but subject to exceptions and qualifications, dependent upon peculiar circumstances." (92 Ala. at 635, 636, 9 So. at 740) In a later case, we said:

"In Taylor v. Brownell-O'Hear Pontiac Co., 265 Ala. 468, 470, 91 So.2d 828, 829, we stated the governing principle:

" 'It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error.' (Citations omitted which also support this oft stated rule.)" Whitman v. Housing Authority of City of Elba, 272 Ala. 245, 246, 130 So.2d 362, 363.

See also: McDaniel v. Birmingham News Co., 276 Ala. 320, 161 So.2d 799.

In National Security Ins. Co. v. Elliott, 276 Ala. 353, 162 So.2d 449, the judge who tried the case did not rule on the motion for new trial. The judge who ruled on the motion did not see and hear the witnesses testify, and, for that reason, we reviewed the judgment, which granted new trial, without any presumption in favor of the ruling of the trial court.

In Greeson v. County Board of Education, 221 Ala. 483, 129 So. 42, this court reversed a judgment granting a new trial, but the ruling of the trial court did not rest on the ground that the verdict was not sustained by the great preponderance of the evidence. This court said:

" . . . . The language of the ruling was: 'Motion granted on considerations other than weight of evidence.'
. . . .

We think, in agreement with the trial judge, the judgment could not properly have been set aside on the ground that the verdict was not sustained, to use the language of the statute, section 9518 of the Code, by the great preponderance of the evidence. . . . ."

Thus it appears that *Greeson* does not apply in the instant case.

In Dean v. Mayes, 274 Ala. 88, 145 So. 2d 439, this court affirmed and said:

"Appellant sued for damages for personal injuries. The verdict was for the defendant. Appellant's motion for a new trial was overruled, and this appeal followed.

" . . . . . . . . .

"The first assignment of error is that the court erred in overruling the motion

**324**

for a new trial because the verdict was against the great weight of the evidence.

" . . . . . . . . .

"Our discussion of other questions will demonstrate that we think there was evidence which justified the verdict. The motion for a new trial was properly overruled as to the ground here argued." (274 Ala. at 90, 91, 145 So.2d at 442)

Dean v. Mayes, supra, is not contrary to what we hold here.

Defendant cites McEntyre v. First National Bank of Headland, 27 Ala.App. 311, 171 So. 913, and Castleberry v. Morgan, 28 Ala.App. 70, 178 So. 823, which may be in conflict with the rule of review which we follow here. If these two cases be in conflict with the rule here applied, we decline to follow them.

Defendant cites also Riley v. Srofe, 35 Ala.App. 222, 45 So.2d 328, in which the Court of Appeals reversed the judgment of the trial court granting a new trial. As we understand the opinion, in considering the ground of the motion "that the verdict was contrary to the evidence," the Court of Appeals said:

"One of the grounds of the motion is that the verdict was contrary to the evidence.

" . . . . . . . . .

"In its material aspects the evidence is not in dispute." (35 Ala.App. at 224, 45 So.2d at 330.)

The Court of Appeals quoted at some length from Cobb v. Malone, supra, and said:

"We are not unmindful of the rule which provides that because the trial judge saw and heard the witnesses a presumption is indulged in favor of his ruling in granting a motion for a new trial.

"We give full force and effect to this doctrine, and yet it is our inescapable conclusion that the lower court was not authorized to grant the motion for a new trial on the ground of instant concern. The recitation of the undisputed evidence hereinabove makes this view evincingly apparent." (35 Ala.App. at 225, 45 So.2d at 330)

The Court of Appeals appears to have concluded that, after indulging all reasonable presumptions as to the correctness of the ruling granting a new trial, the ruling was error because the undisputed evidence plainly and palpably supported the verdict. We do not think that Riley v. Srofe, supra, is contrary to what we hold here.

■ We have carefully considered all the evidence and are not persuaded that "the evidence plainly and palpably supports the verdict" within the meaning of that clause as used in Cobb v. Malone, supra. Neither are we persuaded that "the record plainly and palpably shows that the trial court was in error" in granting the new trial.

Affirmed.

LAWSON, SIMPSON, and BLOODWORTH, JJ., concur.