339 So.2d 1017 (1976)
Robert W. CLARK, Jr.
v.
Joseph Brian CHITWOOD.
SC 1736.
Supreme Court of Alabama.
November 24, 1976.
Rehearing Denied December 17, 1976.
Walker, Hill, Gullage, Adams & Umbach, Opelika, for appellant.
Samford, Denson, Horsley & Pettey, Opelika, for appellee.
BLOODWORTH, Justice.
Defendant appeals from grant of a new trial in a negligence action.
Plaintiff, Joseph Brian Chitwood, sued defendant, Robert W. Clark, Jr., for injuries and damages sustained when an automobile driven by Gregory Emory Jackson swerved to avoid hitting defendant, who was riding a bicycle along the edge of the highway, and collided head-on with plaintiff's automobile. *1018 Prior to the trial of this suit, plaintiff settled with Jackson for $10,000. In this suit, the jury rendered a verdict for defendant. Plaintiff moved for a new trial, and the court granted the motion without stating the grounds for its action. We affirm.
Plaintiff's motion stated, inter alia, that a new trial should be granted because the verdict was contrary to the preponderance of the evidence.
At approximately 8:40 p.m. (CDT) on May 25, 1974, plaintiff was driving his automobile in the southbound lane of Wire Road between Auburn and Tuskegee, and Gregory Emory Jackson was approaching in the northbound lane. Both were traveling at 30 to 35 miles per hour. Jackson testified that he suddenly saw a figure on a bicycle in the lane about ten yards ahead of him. He swerved to avoid hitting the cyclist, crossed over into plaintiff's lane, and collided with plaintiff. Jackson testified that he did not have room to go past defendant in his own lane and that he had not noticed the approaching car.
The police officer who investigated the accident testified that the bicycle upon which defendant was riding had no lights or reflectors, except for a small rectangular yellow reflector on one side of each pedal. These reflectors could be seen from the rear only if the pedals were turned so that the reflectors faced the rear. They also were covered with road film or mud and could not be seen very well.
Plaintiff contends that the only questions for the jury were proximate cause and damages because defendant was negligent as a matter of law for violating Tit. 36, § 58(26), Code of Alabama of 1940 (Recompiled 1958):
"(a) Every bicycle when in use at night-time shall be equipped with a lamp on the front which shall emit a white light visible from a distance of at least five hundred (500) feet to the front and with a red reflector on the rear of a type approved by the department which shall be visible from all distances from fifty (50) feet to three hundred (300) feet to the rear when directly in front of lawful upper beams of head lamps on a motor vehicle. A lamp emitting a red light visible from a distance of five hundred (500) feet to the rear may be used in addition to the red reflector. . . ."
He contends that defendant's clear violation of this rule of the road was the sole proximate cause of the accident. He further contends that there is other evidence that Jackson could not tell the exact distance his headlights shone ahead and that the accident may have resulted from the combined and concurring negligence of both defendant and Jackson, and therefore that neither was the sole proximate cause. He argues that the trial judge should not be reversed for granting him a new trial, citing Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1891), and Hubbard Bros. Const. Co., Inc. v. C. F. Halstead Contractor, Inc., 294 Ala. 688, 321 So.2d 169 (1975).
According to defendant's contentions, Jackson was negligent as a matter of law because he admitted his low-beam headlights provided him with visibility of only 30 to 35 feet ahead, in contravention of Tit. 36, § 42(b)(2), requiring headlights on low beam to reveal vehicles or persons at a distance of at least 100 feet; the jury was justified in concluding he was not keeping a proper lookout; and these factors were the sole proximate cause of the accident. Moreover, defendant contends that his failure to have a headlight in violation of statute was for the jury under the evidence. Further, he argues there was no evidence that the verdict was the product of prejudice or other improper motive.
Thus, he contends that the case finally boils down to negligence and proximate cause. He argues that these questions were for the jury and that the great preponderance of the evidence supports the jury's verdict.
Where the trial court grants a new trial without specifying the grounds therefor and one of the grounds in the motion is that the verdict is contrary to the evidence, the appellate court presumes that *1019 the trial court granted a new trial because it concluded that the verdict was contrary to the great preponderance of the evidence or was injust in light of the evidence. In such cases, the appellate court will not reverse the trial court's order unless the great weight of the evidence plainly and palpably shows that the trial court was in error in granting a new trial. Hubbard, supra.
We cannot say that the great weight of the evidence in this case plainly and palpably shows that the trial court was in error in granting a new trial. To the contrary, there is substantial evidence which, if believed, would support a verdict for plaintiff. The trial judge, who saw and heard the witnesses testify and observed their tone and demeanor, and noticed their candor or lack of it, might certainly have found that the verdict for defendant was contrary to the great preponderance of the evidence or was unjust in light of the evidence.
AFFIRMED.
SHORES and EMBRY, JJ., and SIMMONS, R.C.J., sitting by designation of the Chief Justice, concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially):
My concurrence in this case is somewhat reluctantly given. I have not changed my mind since my dissent in Hubbard; but it is clear that the decision in this case is based on the current law of this state with respect to the scope of appellate review of a trial court's ruling on a motion for a new trial. Further persistence for my point of view at this time would be futile effort. I reserve the right to continue to persuade the other members of this Court that the language here used to test the trial Court's exercise of discretion "that the verdict. . . was contrary to the great weight of evidence or was unjust in light of the evidence"  is something entirely different from the original rule laid down in Cobb "decisions granting new trials will not be reversed unless the evidence plainly and palpably supports the verdict." But, for now, I concur with the decision in this case for I am persuaded that it follows the scope of review presently held by this Court.