WRIGHT, Presiding Judge.
This is a negligence action filed by Edith Wright, plaintiff, against Melissa Shotts, defendant. A jury found in favor of defendant. Plaintiff’s motion for a new trial was granted. Defendant appeals. We affirm.
It is the rule that when a trial court grants a motion for a new trial without specifying the grounds therefor, and one of the grounds in the motion is that the verdict is contrary to the evidence, the appellate court presumes that the trial court granted a new trial because it concluded that the verdict was contrary to the great preponderance of the evidence or was unjust in light of the evidence. Clark v. Chitwood, 339 So.2d 1017 (Ala.1976). That rule applies in this case.
On appeal defendant relies on the rule most often cited from the famous case of Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1890). She argues that the evidence was in conflict in the case at bar. She contends the record reveals abundant testimony which, if believed by the jury, supported the jury’s finding. For that reason, the defendant argues that the trial court’s ruling was arbitrary, prejudicial, and amounted to an infringement of the defendant’s right to trial by jury.
In Adams v. Lanier, 283 Ala. 321, 216 So.2d 713 (1968), the defendant presented a similar argument. He argued that since there was evidence on both sides and some evidence to support the jury’s verdict, the trial court erred in granting a new trial for plaintiff. Defendant in Adams also cited the language from Cobb v. Malone providing that a verdict should not be set aside because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. The court, however, in affirming the trial court’s *23 grant of a new trial, held that the cited rule was for the guidance of the trial court which must grant or deny the motion for new trial. The applicable rule of appellate review is found in a latter portion of the Cobb v. Malone decision. That rule is: “[DJecisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict.” See cases cited in 2A Ala.Dig., Appeal & Error @=>1015(1). It has long been held that upon an appeal from the granting of a motion for new trial, based upon the ground that the verdict was contrary to the evidence, there is a presumption in favor of the action of the trial court in granting the motion when there is a conflict in the evidence. Lee v. Moore, 282 Ala. 461, 213 So.2d 197 (1968).
No purpose will be served in reciting the evidence here. It is sufficient to say that defendant’s following vehicle struck plaintiff’s vehicle in the rear while plaintiff was turning left. There was conflicting testimony as to whether plaintiff gave a proper signal. The trial court was able to see and hear the witnesses, to judge their demeanor and credibility. From our examination of the record, this court cannot say that the jury’s verdict was plainly and palpably correct, or that the trial court’s judgment was plainly and palpably wrong. Therefore, in keeping with the presumption in favor of the trial court when the evidence is in conflict, we affirm the grant of a new trial to the plaintiff.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.