BRADLEY, Judge.
Following a jury verdict and judgment entered thereon in favor of defendant-buyer, Dorsey Spann, the trial court entered an order granting plaintiff-seller’s motion for a new trial. The defendant-buyer appeals from that order. The sole issue presented by this appeal is whether the trial court abused its discretion in granting the new trial. We find no abuse of discretion and affirm.
The basis for the complaint filed by Elbo Marine arose out of the sale and delivery of a used camper, a used boat, and a new boat trailer to buyer, for which buyer refused to pay. Judgment was demanded in the amount of $1,683.68. Buyer’s answer, as amended, denied the allegations in the complaint and further alleged that the condition of the goods in question breached a certain express warranty, made by the seller, /. e. that the goods were free from defects in materials and workmanship, and also breached implied warranties of merchantability and fitness for a particular purpose.
Among the grounds listed in the seller’s motion for a new trial was that the verdict is not supported by a preponderance of the evidence. The trial court granted the seller’s motion “in order to prevent irreparable injustice for it affirmatively appears that substantial ends of justice require examination of the facts by another jury.”
*362 In view of another trial, we will not undertake to set out the evidence. Kennedy v. General Transport Co., 293 Ala. 455, 304 So.2d 896 (1974); Adams v. Lanier, 283 Ala. 321, 216 So.2d 713 (1968).
It is well settled that the granting or denying of a motion for a new trial is a matter resting primarily in the discretion of the trial judge and such exercise of discretion carries with it a presumption of correctness. Taylor v. Birmingham News Co., Ala., 341 So.2d 689 (1977).
The Alabama Supreme Court said in Clark v. Chitwood, Ala., 339 So.2d 1017 (1976):
Where the trial court grants a new trial without specifying the grounds therefor and one of the grounds in the motion is that the verdict is contrary to the evidence, the appellate court presumes that the trial court granted a new trial because it concluded that the verdict was contrary to the great preponderance of the evidence or was unjust in light of the evidence. In such cases, the appellate court will not reverse the trial court’s order unless the great weight of the evidence plainly and palpably shows that the trial court was in error in granting a new trial.
Where the evidence is in conflict and it cannot be said that the evidence plainly and palpably supported the verdict in favor of defendant, it is within the prerogative of the trial court, on plaintiff’s motion for a new trial, to review the evidence impartially, and if he has a well considered opinion that the great weight of evidence did not support the verdict, it is his duty to set it aside and grant a new trial. Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731 (1960).
After reviewing the evidence presented by this record, we are not persuaded that the great weight of evidence plainly and palpably shows the trial court was in error in granting the new trial. Accordingly, we find no reversible abuse of discretion in the trial court’s ordering a new trial.
The buyer cites to us several cases stating the “unwaivering rule” that if the evidence submitted, if believed by the jury, justifies the verdict, the motion for a new trial should be overruled. E. g., Griffin v. Respress, 281 Ala. 168, 200 So.2d 469 (1967). He also cites cases standing for the proposition that a new trial should not be granted simply because the trial court, sitting as the trier of fact, would have returned a different verdict, or because the verdict returned by the jury does not correspond with the trial court’s opinion as to the weight of evidence, or because the verdict is against a mere prepondérance of the evidence.
However, as the Alabama Supreme Court noted in Adams v. Lanier, 283 Ala. 321, 216 So.2d 713 (1968), such principles are for the guidance of the trial court in passing upon the motion for new trial, and not for the court reviewing the grant or denial thereof.
Nor do we find persuasive the buyer’s contention that the grant of a new trial deprives the buyer of his right to a trial by jury and invades the province of the jury. The power of the trial court to grant a motion for a new trial is an inherent power that exists to prevent irreparable injustice, City of Union Springs v. Evans, 286 Ala. 412, 240 So.2d 662 (1970); and this power is also granted by statute. Code of Alabama 1975, § 12-13—11. The granting of a new trial motion does not deprive a party of his right to a fair trial, but rather insures it.
Our review of the trial court’s order is guided by the principles set forth earlier in this opinion. In the case at bar the evidence was in conflict and it cannot be said that the evidence plainly and palpably supports the verdict in defendant’s favor. It was, therefore, within the discretion of the trial court to grant the seller’s motion for new trial. We find no abuse of discretion in the trial court’s action. This case is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.