<hr />

(92 South. 611)

## ALABAMA POWER CO. v. HINES. (7 Div. 293.)

(Supreme Court of Alabama. April 20, 1922.)

1. **Trial** ⬅192—**Improper to assume state of facts in charge unless clearly shown and undisputed.**

When facts necessary to be proved were undisputed by the evidence, it was not error for the court to assume them as facts without hypothesis.

2. **Trial** ⬅295(5)—**Charge on law of self-defense, considered as a whole, held not erroneous.**

Where, in an action for assault and battery, the court's charge on the law of self-defense was not correct, but, when considered as a whole, fully presented the law under the issue, *held* it was not erroneous.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by J. R. Hines against the Alabama Power Company for damages for an assault

<hr />

and battery alleged to have been committed upon him by a conductor of a street car operated by defendant. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Hood & Murphree, of Gadsden, for appellant.

The court assumed in its oral charge as a fact matters that were in dispute. Section 5362, Code 1907; 107 Ala. 683, 18 South. 321; 111 Ala. 92, 21 South. 330; 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26. The court erred in its oral charge as to self-defense and the burden of proof. 201 Ala. 441, 78 South. 819.

Goodhue & Goodhue, of Gadsden, for appellee.

There was no dispute or reasonable contrary inference of the matter stated in the oral charge. 79 Ala. 223; 111 Ala. 579, 20 South. 622. There was no error in the oral charge relative to self-defense, when the charge is construed as a whole. 7 Words and Phrases, 5974; (C. C.) 22 Fed. 217; 1 Speers, 93; 169 Ala. 33, 53 South. 773; 111 Ala. 6, 20 South. 572; 149 Ala. 423, 42 South. 1034; 204 Ala. 547, 86 South. 389.

MILLER, J. This is a suit for damages by J. R. Hines against the Alabama Power Company. There is one count in the complaint. It avers plaintiff, while traveling as a passenger on the street railway cars of the defendant, was assaulted and struck with a metallic object by the conductor in charge of this car of the defendant. The defendant plead general issue and self-defense. There was jury and verdict in favor of the plaintiff, judgment thereon by the court, and the defendant appeals.

[1] The court charged the jury orally as follows:

"There is no dispute in the evidence that while the plaintiff was a passenger on that car that the conductor in charge of the car struck this passenger."

The defendant excepted to that part of the oral charge.

Chief Justice Stone, in Carter v. Chambers, 79 Ala. 227, wrote:

"Hence the rule that in charging juries it is improper to assume or state as fact any material matter which depends on the sufficiency of oral testimony for its establishment. * * * The exception to the rule is that, when the record shows affirmatively that certain facts are clearly shown and not disputed— not made any part of the contention—then it is not error if they be assumed in the charge to be facts, and stated as such without hypothesis."

Justice Stone states clearly the reasons for the rule and the reasons for the exception to it.

The plaintiff paid his fare to the conductor. There was a controversy between the plaintiff, his niece, and the conductor as to the niece paying the fare of herself and of plaintiff; the plaintiff and the niece claiming his fare was paid by each of them, and one fare should be returned by the conductor. All of the witnesses for plaintiff and defendant testified that the conductor threw a metallic fare register at plaintiff. Some of the witnesses for plaintiff and some witnesses for defendant testified positively that it struck him in the face. Some witnesses for each party stated "they could not say whether it struck him or not," and some of these stated they saw blood on his face immediately afterwards. The conductor testified:

"I took my register off and throwed it at him. * * * I could not say for sure whether the register hit him or not."

From this record it affirmatively appears that plaintiff was a passenger on the car of the defendant, and it is clear and not in dispute from the record that the conductor threw the register at plaintiff and that it struck him. It appears these facts were not made a part of the contention in the record. The positive, clear proof of each side showed these facts: Some witnesses on each side could not swear "whether it struck him or not," but their testimony was not in denial of the positive evidence on that subject. As we read the record, we find no positive testimony and no tendency of the evidence showing the conductor did not strike the plaintiff with the register. The real contention between the parties seems to have been under what circumstances and conditions the plaintiff was struck; whether the conductor struck him in self-defense or whether he struck him unlawfully.

Justice Stone in Carter v. Chambers, 79 Ala. 227, also wrote:

"In the trial of most issues the real contention is not over every question of law or fact that is involved directly or incidentally. The contestants are usually agreed on many questions—frequently very important questions. These become the incident—an indispensable incident—in the cause; but they are not the real subject of contestation. They are material facts, but they are not disputed facts. If the trial judge, in giving his charge to the jury, were required to state all such noncontested facts in the form of hypothesis, his charges would frequently become cumbersome and confusing, if not misleading."

The facts that defendant owned and operated this car, that plaintiff was a passenger on it, and that the conductor struck plaintiff with a metallic object, were all material, necessary facts to be alleged and proved; but they were not disputed facts in the evidence. These material facts were not made a part of the real contention of the parties in the case. Hence the court did not commit re-

versible error, if error at all, in assuming them as facts in his oral charge without hypothesis. Carter v. Chambers, 79 Ala. 223; Henderson v. Mabry, 13 Ala. 173; Stephenson v. Wright 111 Ala. 579, 20 South. 622.

[2] The evidence for the plaintiff tended to to show that he had no pistol, did not attempt to draw it, and the conductor unlawfully struck him in the face with the metallic register while they were disputing over the fare. The evidence for defendant tended to show that plaintiff was angry, had a pistol in his pocket, and while disputing with the conductor over the fare reached his hand to his pocket and attempted to draw the pistol, and the conductor then threw the register at him, hitting him in the face. These appear from the record to have been the controverted issues of fact in the trial below.

The defendant reserved an exception to the following part of the oral charge of the court to the jury:

"That is really a plea for self-defense. If you should become convinced from the evidence that the conductor struck the plaintiff with the instrument alleged in the complaint, then the burden of showing self-defense is shifted to the defendant, for the purpose of convincing you reasonably from this evidence that at the time he struck there was an impending necessity for him to strike, or such a condition as would impress a man with a reasonable mind that he was in danger from a threatened assault, or from an attempted assault, or unless you should be satisfied reasonably from the evidence that the condition was such there that this conductor was being assaulted, or that the conditions were such as to impress a man with a reasonable mind that he was in danger."

The court then said:

"Unless you are reasonably satisfied these conditions existed at that time, the conductor was not authorized to strike the plaintiff."

The defendant pleads that its conductor acted in self-defense. The court in this oral charge states the burden of proving it is on the defendant, and attempts in several alternatives to define its essential elements. None of them contain a sound exposition of the law on that subject. It is misleading, not clear and full on the law of self-defense. Jackson v. State, 77 Ala. 18.

This part of the oral charge does not give it clearly; it is confusing in some respects. But in another place in the oral charge it is given clearly and correctly. The oral charge, when considered as a whole, fully presents the law under the issue of self-defense under the evidence. When the oral charge is considered as a whole, it is free from error. Beatty v. Palmer, 196 Ala. 67, head note 20, 71 South. 422; Thrasher v. Neeley, 196 Ala. 576, 72 South. 115; section as 5364, Code 1907, amended by Gen. Acts 1915, p. 815.

Finding no reversible error, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.