(94 South. 492)

**JENA LUMBER CO. v. MARLOWE LUMBER CO. (6 Div. 715.)**

(Supreme Court of Alabama. Nov. 2, 1922.)

**1. New trial ⟨⟩72—Verdict should not be set aside by trial court unless palpably erroneous.**

It is the duty of the trial court to set aside a verdict if, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.

**2. New trial ⟨⟩72—Not error to overrule motion for new trial where verdict not palpably erroneous.**

In an action involving the question whether it was optional with defendant to get out the cut timber from the land under the terms of the contract of purchase, *held*, that the verdict for defendant, when referred to the weight of the evidence, was not palpably erroneous, and hence it was not error to overrule plaintiff's motion for new trial.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action on the common counts by the Jena Lumber Company against the Marlowe Lumber Company. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

F. F. Windham, of Tuscaloosa, for appellant.

The court erred in denying plaintiff's motion for a new trial. 73 Fla. 1, 73 South. 837; 73 Fla. 700, 74 South. 866; 204 Ala. 332, 85 South. 390.

Brown & Ward, of Tuscaloosa, for appellee.

The verdict of the jury should not be set aside unless the same is palpably erroneous. (Ala.) 30 South. 546; 121 Ala. 272, 25 South. 748; 108 Ala.·250, 19 South. 307; 21 South. 404.

THOMAS, J. Appellant sued a partnership and the individual members thereof. The judgment entry recites that defendant pleads the general issue in short by consent, with leave to give in evidence any matters that may be specially pleaded. There was jury and verdict in favor of the defendants and damages assessed at $41.50, and judgment over by the court was duly rendered for such sum against the plaintiff, with the costs in that behalf expended. A motion for new trial, grounded, among other things, on the averred fact that the preponderance of evidence was in favor of plaintiff, was overruled.

[1] The verdict of the jury should not be set aside unless the same is palpably erroneous (Terst Sons & Co. v. O'Neal, 108 Ala. 250, 19 South. 307); that is, it is the duty of a trial court to set aside a verdict of a jury if, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as clearly to convince the court that it is wrong and unjust (N., C. & St. L. v. Crosby, 194 Ala. 338, 349, 70 South. 7; Cobb v. Malone, 92 Ala. 630, 9 South. 738).

[2] The trial court had before it all the evidence, and, after examining the same at the time of overruling the motion for a new trial, indicated that the evidence in support of plaintiff was not such as impressed the court to the granting of the motion. It will not be necessary to discuss in detail the evidence. Of that on behalf of the defendant we may say it was convincing that at the time of the latter's sale of the timber in question to plaintiff there was a provision in the agreement of sale by which the purchaser was to pay $1.25 per thousand for all timber cut and lying on the Peebles tract

of land which could have been gotten out by plaintiff, having regard for the reasonable requirements of the logging operations necessary to "get it out." The testimony of H. M. Marlowe was, among other things, to the effect that he and his father, R. M. Marlowe, were partners doing business as Marlowe Lumber Company; that Mr. Bailey represented and kept the books for plaintiff; that he made a contract with Bailey for plaintiff's company that the latter was to pay Marlowe Lumber Company for the felled timber on the Peebles tract of land; and further:

"They were to pay us $1.25 a thousand feet for all this timber that could be gotten out on the Allen Peebles tract of timber; they were to get it out if they could. Whit Marlowe, my brother, was present. He was a member of the firm of Jena Lumber Company at that time. The Marlowe Lumber Company, which was my father and myself, sold out to C. W. Marlowe, R. Bailey, and Joe Powell. My brother was a member of the firm of Jena Lumber Company. They gave us credit for some timber at $1.25 a thousand feet. This money was money we had paid for cutting the timber. As soon as the contract was made I went over the Peebles tract of land and estimated the timber cut. Mr. Cork and my father went with me. There was a little bit over 62,000 feet, or a little bit less than that; my recollection is it was a little bit over 62,000 feet; I won't be positive. This timber could have been hauled out. I have been in the sawmill business five or six years. The timber in this creek swamp that there has been so much squabble about, I had hauled timber at a worse place in the swamp. The timber that was left in the woods was on the upper end of the creek swamp, and it went out up about 50 yards to drive the wagon right into the timber. This timber that we got out was on the lower place."

The record fails to disclose that there was any other witness present at the time H. M. Marlowe made the contract with Bailey for the cut timber on the Peebles tract.

Appellant's evidence on this question was to the effect that the contract "left it optional" as to how much of the felled timber on said tract of land the Jena Lumber Company would remove; that plaintiff was only required to pay $1.25 per 1,000 for the cut timber it did remove therefrom.

The issue of fact presented for the determination of the jury was whether or not it was optional with appellant to get out the cut timber on said tract of land. Thus was presented to the jury the duty of determining, after consideration of all the evidence, the exact terms of the contract of purchase. McMillan v. Aiken. 205 Ala. 35, 88 South. 135. We cannot say that the verdict, when referred to the weight of the evidence, was palpably erroneous, and are of opinion that no error was committed in overruling the motion for new trial. Cobb v. Malone, 92

Ala. 630, 9 South. 738; N., C. & St. L. v. Crosby, supra; Mooneyham v. Herring, 204 Ala. 332, 85 South. 390.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.