**MOBILE LIGHT & R. CO. v. PHILLIPS.**

**1 Div. 976.**

Court of Appeals of Alabama.
April 14, 1931.

Rehearing Denied May 19, 1931.

Outlaw, Kilborn & Seale, of Mobile, for appellee.

Harry T. Smith & Caffey, of Mobile, for appellant.

RICE, J.

This was a suit by appellee, alleging that she had been injured while a passenger upon one of appellant's street cars, by reason of a collision between the street car and a motor vehicle, which resulted from the negligence of the appellant, its servant or agent.

The case was tried upon the general issue.

The damages awarded were small.

Appellant inveighs against the giving of written charge 1, at the request of appellee, because, as it rightly says, it assumes that appellant was a common carrier, etc.; and that appellee was a passenger.

There is no contention that the said charge states the law incorrectly, based upon these two assumptions. Birmingham Elec. Co. v. Mealing, 214 Ala. 597, 108 So. 511.

So far as the attack on the said charge is rested on the two "assumptions," mentioned, we merely observe that there was, certainly, a tacit admission by appellant that it was a common carrier of passengers, etc., and an affirmative admission that appellee was a passenger. The whole evidence shows, without any sort of dispute, these two things.

Where this situation exists, the quoted language, following, taken from the opinion by Mr. Justice Miller, for our Supreme Court, in the case of Ala. Power Co. v. Hines, 207 Ala. 346, 92 So. 611, 612, is applicable, to wit: "Chief Justice Stone, in Carter v. Chambers,

79 Ala. 227, wrote: 'Hence the rule that in charging juries it is improper to assume or state as fact any material matter which depends on the sufficiency of oral testimony for its establishment. * * * The exception to the rule is that, *when the record shows affirmatively that certain facts are clearly shown and not disputed—not made any part of the contention—then it is not error if they be assumed in the charge to be facts, and stated as such without hypothesis.'* " (Italics ours.)

So we hold it was not error, in this particular case, to give to the jury appellee's written requested charge 1.

■ There was no motion for a new trial in the case. Hence we are not called upon to give our decided view as to the weight and sufficiency of the evidence to support the verdict returned.

■■ We doubt that we could rightfully say that there was not a "scintilla" of evidence supporting appellee's claim, in which event we could not, of course, hold that appellant's written requested general affirmative charge was erroneously refused. But what purports to be said requested general affirmative charge is in this language: "A. The court charges the jury that if they are reasonably satisfied of the truth of the undisputed evidence in this case, they must find a verdict for the defendant." And our Supreme Court has held that "requested charges predicating recovery on jury's belief 'of the undisputed evidence' held properly refused as having tendency to mislead or mystify jury as to evidence to be looked to." Flaherty v. People's Bank of Mobile, 216 Ala. 542, 113 So. 910.

Appellant's written requested charge A was therefore properly refused.

■■ A written charge which asserts no proposition of law may always be rightfully refused. Jones v. State, 174 Ala. 53, 57 So. 31; Lewis v. State, 178 Ala. 26, 59 So. 577. Appellant's requested charge B was of this character, and hence refused without error. Then, too, this charge was mere argument, and invasive of the province of the jury.

■ Written refused charges which we have numbered A(1) and B(1), requested by appellant, are each subject to the same vices as those discussed with reference to charge B above. And we might say in addition that our Supreme Court, while admitting that such charges, i. e., what are known as "no evidence" charges, may, and sometimes, perhaps, should, be given, has held definitely that a judgment will not be reversed on account of the refusal of such a charge. See Carraway v. Graham, 218 Ala. 453, 118 So. 807.

Appellant's refused charge 1 was fully covered by the Court's oral charge.

There is no prejudicial error, and the judgment is affirmed.

Affirmed.