145 So.2d 439

Martha E. DEAN

v.

Dorothy L. MAYES.

6 Div. 796.

Supreme Court of Alabama.

June 14, 1962.

Rehearing Denied Oct. 18, 1962.

Brown, Pointer & Pointer and Hare,
Wynn & Newell, Birmingham, for appel-
lant.

Mudd, Baker & McDaniel, Schuyler A. Baker and Jas. E. Clark, Birmingham, for appellee.

MERRILL, Justice.

Appellant sued for damages for personal injuries. The verdict was for the defendant. Appellant's motion for a new trial was overruled, and this appeal followed.

The appellant was an interior decorator, conducting her business from her home. The appellee was her customer and friend. They both rode in appellee's car to attend to the preparing of some curtains which appellant was furnishing appellee. Their business completed, appellee took appellant by a store to buy groceries and then drove to appellant's home and stopped the car in front of appellant's home. Approaching the house, they came up a hill; and while the street was "fairly level" in front of the house, there still was some incline in front of the car when it was stopped in front of the house. After the car stopped, they remained inside for some time. Appellee finally turned off the ignition, placed the gear shift in "park," put on the emergency brake, got out and began getting groceries out of the car which had been placed on the floor behind the front seats. The car was headed up the incline, and the left, or driver's side of the car was nearest the curb. Appellant got out of the car on the street side and the door on her side of the car remained open. The car was a two-door convertible, and the backs of the front seats folded over to provide access to the rear seat.

Appellee took a load of groceries to the house and heard her name called by appellant. She saw the car "creeping" backwards and appellant was lying on the street. Her hip was fractured. Appellee ran to where appellant was and said: "Oh, Mrs. Dean, did the car run over you? And she said, 'Oh, no, my dear, I simply lost my balance.'"

Count one of the complaint charged that "the defendant parked said car at the curb

on a public street in the City of Birmingham at or near the street curbing in front of plaintiff's residence * * * that the defendant thereupon removed herself from said car via the left hand door of said car and the plaintiff removed herself from said car via the right hand door of said car; that after removing herself from said car as aforesaid, the plaintiff standing on the ground where she had a right to be, reached in said car to remove some groceries which belonged to the plaintiff; that the defendant knew that plaintiff would attempt to remove said groceries at said time; that, in parking said car, the defendant had negligently failed to secure said car in such a manner as to prevent it from rolling; that said car began to roll as plaintiff was removing said groceries from said car and in said rolling knocked the plaintiff down or caused the plaintiff to fall, and as a proximate consequence thereof, the plaintiff's left hip was fractured, * * *. Plaintiff avers that her said injuries and damages as aforesaid were proximately caused by the defendant's negligence in failing to secure said automobile when she parked same so as to prevent the same from moving."

Count A of the complaint quoted Tit. 36, § 27, as amended, Code 1940, and sued for injuries resulting from its violation. That section reads:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade turning the front wheels to the curb or side of the highway."

Appellee pleaded in short by consent.

■ The first assignment of error is that the court erred in overruling the motion for a new trial because the verdict was against the great weight of the evidence.

■ Verdicts are presumed to be correct and no ground of a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence; and when the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453; Mobile City Lines Inc. v. Hardy, 264 Ala. 247, 86 So.2d 393. A verdict is not to be set aside merely because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Tallapoosa County v. Holley, 268 Ala. 67, 104 So.2d 834. Where there is evidence which, if believed, justified the verdict, the motion for a new trial is properly overruled. Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725.

Our discussion of other questions will demonstrate that we think there was evidence which justified the verdict. The motion for a new trial was properly overruled as to the ground here argued.

■ Assignments of error 5 and 9 charge error because the court submitted the question of contributory negligence to the jury. Relative to contributory negligence we have held that in civil cases, the question must go to the jury if the evidence or the reasonable inferences arising therefrom furnish a mere "gleam," "glimmer," "spark," "the least particle," "the smallest trace" or "a scintilla" in support of the theory. Alabama Great Southern Railroad Company v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190; and unless the evidence bearing upon this issue is entirely free of doubt or adverse inference, this question must be submitted to the jury for decision. Capitol Motor Lines v. Billingslea, 246 Ala. 501, 21 So.2d 240, 157 A.L.R. 1207.

We think the testimony and statements of the appellant herself furnishes an inference sufficiently strong to require the submission of the question of her contributory negligence to the jury. In one signed statement,

she said: "I was tugging with a large sack which was behind the front seat on the right side of the car. As I lifted the sack from the car the car began to roll backwards and I lost my balance and fell. I was tugging at the groceries as the car began to roll. I had the groceries in my arms when I began falling. The door of the car didn't hit me as I fell before the door could strike me."

She testified that she simply lost her balance and fell. She was asked if any part of the car had struck her and she said, "I can't prove it." She also testified that she took a step away from the car and "my legs shot out from under me and that was it." She also testified that she was holding the door open as she reached in the car for some loose oranges, that the car began to roll, she stepped back, the car door closed and then she fell. This evidence justified the submission of the issue of contributory negligence, because it was sufficient to raise the inference that her fall was proximately caused by her own conduct and negligence.

■ A conflicting tendency of the evidence making a question for the jury may be presented by the direct and cross-examination of one witness. Parkinson v. Hudson, 265 Ala. 4, 88 So.2d 793, and cases there cited.

The principles stated in F. W. Woolworth Co. v. Bradburry, 273 Ala. 392, 140 So.2d 824, and Yates v. De Mo, 270 Ala. 343, 118 So.2d 924, relative to contributory negligence presenting a jury question are applicable here.

■ Assignment of error 6 charges that the court erred in giving charge 8, requested by defendant, which reads:

"I charge you that if you are reasonably satisfied from the evidence in this case that the plaintiff, Martha Dean, fell as a result solely of losing her balance tnd that the movement of the car from which she had just alighted did not in any way contribute to her loss of balance then you should return a verdict for the defendant."

Appellant says the "fatal defect in this charge is that it assumes that her loss of balance was the sole cause of Mrs. Dean's injuries—that is, it is founded only upon answering why Mrs. Dean fell, and not why she was injured." The argument is that the door of the car may have broken her hip rather than the fall.

In Mobile Light & R. Co. v. Phillips, 24 Ala.App. 318, 135 So. 424, certiorari denied, 223 Ala. 218, 135 So. 426, a given written charge was attacked on the ground that it assumed the street railway was a common carrier and the plaintiff was a passenger. The court said:

"So far as the attack on the said charge is rested on the two· 'assumptions,' mentioned, we merely observe that there was, certainly, a tacit admission by appellant that it was a common carrier of passengers, etc., and an affirmative admission that appellee was a passenger. The whole evidence shows, without any sort of dispute, these two things.

"Where this situation exists, the quoted language, following, taken from the opinion by Mr. Justice Miller, for our Supreme Court, in the case of Ala. Power Co. v. Hines, 207 Ala. 346, 92 So. 611, 612, is applicable, to wit: 'Chief Justice Stone, in Carter v. Chambers, 79 Ala. [223,] 227, wrote: "Hence the rule that in charging juries it is improper to assume or state as fact any material matter which depends on the sufficiency of oral testimony for its establishment. * * * The exception to the rule is that, *when the record shows affirmatively that certain facts are clearly shown and not disputed—not made any part of the contention—then it is not error if they be assumed in the charge to be facts, and stated as such without hypothesis."* ' (Italics ours.)

"So we hold it was not error, in this particular case, to give to the jury appellee's written requested charge 1."

This rule was also applied in Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429, and Alabama Credit Corp. v. Higgins, 251 Ala. 17, 36 So.2d 227.

We construe appellant's pleadings to claim damages because her hip was fractured from a "fall." A reading of the testimony indicates to us that the case was tried on that theory. The testimony of the plaintiff, taken on direct examination, supports the theory:

"Q   Did you fall?

"A   I fell.

"Q   All right.

"When you fell did you break your hip?

"A   Yes.

"Q   All right."

Considering the pleadings, the evidence and contentions during the trial that the appellant received her injuries as a proximate consequence of her fall, we find no error in the giving of charge 8.

Assignment of error 12 concerns the court's interpretation of Tit. 36, § 27, as amended, set out in Count A, and quoted supra. The following took place:

"A JUROR: Well, does it—the way I interpreted your reading of the law, it doesn't specify scotching or blocking the wheels, it says turning the wheels?

"THE COURT: That is what it says, yes.

"A JUROR: The car doesn't have to be backed or pulled into the curb?

"THE COURT: The statute does not specify the distance from the curb. It only deals with the turning of the wheel, and as I pointed out to you gentlemen, the question of which way you should turn, of course, is a common sensical proposition. I mean if you are headed downhill or your back part is downhill, that part enters into that as to that part

of it, but the distance from the curb at which this must be done, the statute does not state.

"Any other questions, gentlemen?

"Before you leave let's see if counsel on one side or the other might like an exception to the Court's explanation.

"MR. HARE: Yes. We interpret the statute to mean that it does have to touch the curb and we except to that charge you just stated insofar as that it does not require a physical contact with the curb. Is that a sufficient designation?

"THE COURT: Yes, I think it is."

We think a reading of this colloquy shows no error. The statute does not require the wheels to touch the curb or the side of the highway; it only requires that when the vehicle is standing upon a grade, the wheels must be turned *to* the curb, and "to" does not mean touching in this instance. This should also dispose of assignment of error 10.

Assignment of error 11 charges error in this portion of the court's oral charge:

"(3) 'Now, what is effectively setting the brake thereon? Well, if this defendant here left that car unattended on a public street, suppose that after she left it it got loose, but the reason it got loose was because of some fault it had of a secret nature or kind which she didn't know about and didn't have a reasonable chance to know about, but she had insofar as a reasonable prudent person could do it, she had effectively set the brake on it without any knowledge or notice that it would not work—suppose that is true? Well, that wouldn't constitute any violation of the statute. But if she carelessly or inadvertently or unthinkingly set the brake on it only partially when the brake was fully capable of being set effectively and when she could have set it effectively, but if

she didn't do that and left it unattended on a public street, then that would be a violation of this statute.' "

Appellant contends that if the car moved, as it unquestionably did, that the brake was not effectively set as required by the statute, and this failure to effectively set the brake was negligence per se, and the jury should have been so instructed.

The undisputed evidence is that the appellee set the brake, that the car did not move until appellant was "tugging" at groceries behind the front seat, and one of appellant's witnesses testified that it came to a stop within a short distance without any reapplication or setting of brakes, and without rolling into the curb. We think what was said in Luquire Ins. Co. v. McCalla, 244 Ala. 479, 13 So.2d 865, is applicable here:

> "The court verbally charged the jury that McCalla should have driven in the space between that ridge, if that was an obstruction, and the center line of the road, if there was sufficient space to do so, and he could do so in the exercise of reasonable care. A failure to drive completely on the right of the center line to be in violation of the statute must be either an intentional act, or a negligent act. The roadway was thirty-four to thirty-five feet wide, with no center line marked for identification. He may have been slightly across on his left of the actual center imaginary line unconsciously, in the exercise of due care, in judging where such line actually was in the road, and in appraising the nature of the ridge on his right. If so, under those charges, his negligence would be conclusively fixed by law. We do not so interpret that provision of the rules of the road. The law is not so exacting in its requirements, in our opinion."

We hold that there was no reversible error in the explanation given by the trial court. This also applies to assignments of error 2, 3 and 7.

The final assignment of error is that the court erred in refusing Charge 6, requested by plaintiff, which read: "If you believe the evidence in this case the plaintiff is entitled to recover a verdict."

 It is sufficient to say that a jury question was presented by the evidence and the court properly refused to give this affirmative charge for the plaintiff.

Having found no reversible error, the judgment should not be disturbed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.