MADDOX, Justice.
Plaintiff, Eunice Mae Cotton, filed suit against Gary Michael Gamble, alleging that his negligent operation of an automobile was the proximate cause of her injuries. The jury returned a verdict for defendant Gamble. Plaintiff Cotton appeals, claiming that the verdict was against the weight of the evidence, and that the trial court erred in allowing a medical doctor called by the defendant as a witness to comment and express an opinion upon the testimony and diagnosis given by the plaintiff’s personal physician.
Plaintiff Cotton was a passenger in an automobile being driven by her fifteen-year-old nephew. The accident occurred when the driver of the vehicle in which plaintiff Cotton was riding attempted to make a lefthand turn across a concrete median at a point on the road just around a curve and over the crest of a hill. Defendant Gamble claimed that he was unable to stop in time to avoid a rear-end collision with the automobile in which plaintiff was a passenger. There was evidence presented that the other two occupants of the vehicle in which plaintiff Cotton was a passenger were not injured. There was no apparent damage to defendant Gamble’s automobile and neither of the two occupants of his car claimed any injuries.
A lengthy statement of the facts is unnecessary to a decision in this case. Suffice it to say that there was evidence from which the jury could infer that defendant Gamble either was not negligent, or that plaintiff’s claimed injury may have been a pre-existing condition, which was neither caused nor aggravated by the accident. In short, there was sufficient evidence to support the jury verdict. W. T. Ratliff Co., Inc. v. Purvis, 292 Ala. 171, 291 So.2d 289 (1974).
Plaintiff Cotton next complains that the trial court erred to reversal in allowing a doctor called by the defendant to comment upon the opinion and diagnosis expressed by her own physician in his deposition, which was introduced in evidence at the trial. We find no error here. The doctor called by the defendant as a witness had personally examined the plaintiff on two occasions. Therefore, the facts here are not similar to those in Salotti v. Seaboard Coastline R. R. Co., 293 Ala. 1, 299 So.2d 695 (1974), strongly relied on by the plaintiff-appellant. It is clear from the record that the doctor called by the defendant disagreed with the opinion expressed by plaintiff’s doctor. Clearly, defendant Gamble, at trial, had a right to rebut the evidence contained in the deposition of plaintiff’s doctor which was introduced into evidence. Rule 32(c), A.R.C.P.
*352 Plaintiff Cotton contends that the trial court should have granted a new trial, and points to the trial judge’s order on motion for new trial to support her claim.[1] The rule which trial courts must apply in ruling on motions for new trials on the grounds that verdicts are contrary to the weight of the evidence is succinctly stated in Edmondson v. Blakey, 341 So.2d 481, 484 (Ala.1976), as follows:
“Title 7, § 276, Code of Alabama, authorizes a new trial where the ‘ . verdict or decision is not sustained by the great preponderance of the evidence . ’ This court has often held that it is the trial judge’s duty to grant a motion for a new trial if, after allowing all reasonable presumptions of its correctness, the great preponderance of the evidence against the verdict is so decided as to clearly convince the judge that it is wrong and unjust. W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231 (1937); City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168 (1932); Jena Lumber Co. v. Marlowe Lumber Co., 208 Ala. 385, 94 So. 492 (1922). A jury verdict should not be set aside, however, merely because it does not correspond to the court’s opinion as to the weight of the evidence or merely because it is against the mere preponderance of the evidence. Dean v. Mayes, 274 Ala. 88, 145 So.2d 439 (1962).
“For this court to overrule the trial court’s denial of a motion for a new trial the evidence must so greatly preponderate as to clearly convince this court that the verdict is wrong and unjust. Kurn v. Counts, 247 Ala. 129, 22 So.2d 725 (1945). We have repeatedly held that verdicts are presumed correct and that no ground stated in a motion for a new trial is more carefully scrutinized than that the verdict was against the evidence. Callahan v. Booth, 275 Ala. 275, 154 So.2d 32 (1963); Dean v. Mayes, supra. In addition, where the trial judge denies a motion for a new trial the presumption in favor of the correctness of the verdict is strengthened. Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391 (1961).
“Again and again the rule has been stated that a decision of the trial court in denying the motion for a new trial will not be reversed on the ground that the verdict is against the evidence unless, after allowing all reasonable presumptions of correctness, the preponderance of the evidence clearly convinces this court that the trial judge was wrong. Bush v. Stanton, 273 Ala. 615, 143 So.2d 621 (1962). Or, stated differently, where evidence is presented which, if believed, supports the verdict, a motion for a new trial on the ground that the verdict is against the evidence may be properly denied. Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306 (1963); Dean v. Mayes, supra.”
The judgment of the lower court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.

. The order denying the motion for new trial reads:
“The motion for new trial was ably argued. The court feels the motion must [be] denied. It is the court’s opinion there was no question the defendant caused the accident; therefore, the jury must have concluded that the injuries were not caused from the accident. The jury is the sole judge of the credibility of the witnesses and even though the court may not have decided the same way, there was evidence from which the jury could draw its decision.
“Now there may have been errors on the part of the judge, particularly regarding the expert testimony, which could have led to the decision; however, motion for new trial is denied.”