HOUSTON, Justice.
There was a collision of two automobiles in downtown Mobile during the evening rush hour. George Allen Haas III, who was traveling west on Old Shell Road, was attempting to turn left onto McGregor Avenue. There was a turn lane for westbound traffic and a turn lane for eastbound traffic on Old Shell Road. Because there were vehicles in the turn lane for eastbound traffic, Haas could not see if any traffic was proceeding east, so he positioned his car so that the front end was protruding slightly into the north eastbound lane of Old Shell Road. Theresa Calhoun, who was proceeding east, was in the north eastbound lane of Old Shell Road and collided with Haas’s vehicle. Calhoun applied her brakes, but did not veer to her right. There was another lane to her right.
Calhoun filed a negligence action for personal injuries. There was a general denial and a plea of contributory negligence. The jury found for Haas. The trial court entered a judgment for Haas, and denied Calhoun’s motion for JNOV or in the alternative for a new trial.
Justice Shores, in Edmondson v. Blakey, 341 So.2d 481, 484-85 (Ala.1976), wrote:
“This court has often held that it is the trial judge’s duty to grant a motion for a new trial if, after allowing all reasonable presumptions of its correctness, the great preponderance of the evidence against the verdict is so decided as to clearly convince the judge that it is wrong and unjust. W.M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231 (1937); City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168 (1932); Jena Lumber Co. v. Marlowe Lumber Co. 208 Ala. 385, 94 So. 492 (1922). A jury verdict should not be set aside, however, merely because it does not correspond to the court’s opinion as to the weight of the evidence or merely because it is against *394 the mere preponderance of the evidence. Dean v. Mayes, 274 Ala. 88, 145 So.2d 439 (1962).
“For this court to overrule the trial court’s denial of a motion for a new trial the evidence must so greatly preponderate as to clearly convince this court that the verdict is wrong and unjust. Kurn v. Counts, 247 Ala. 129, 22 So.2d 725 (1945). We have repeatedly held that verdicts are presumed correct and that no ground stated in a motion for a new trial is more carefully scrutinized than that the verdict was against the evidence. Callahan v. Booth, 275 Ala. 275, 154 So.2d 32 (1963); Dean v. Mayes, supra. In addition, where the trial judge denies a motion for a new trial the presumption in favor of the correctness of the verdict is strengthened. Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391 (1961).
“Again and again the rule has been stated that a decision of the trial court in denying the motion for a new trial will not be reversed on the ground that the verdict is against the evidence unless, after allowing all reasonable presumptions of correctness, the preponderance of the evidence clearly convinces this court that the trial judge was wrong. Bush v. Stanton, 273 Ala. 615, 143 So.2d 621 (1962). Or, stated differently, where evidence is presented which, if believed, supports the verdict, a motion for a new trial on the ground that the verdict is against the evidence may be properly denied. Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306 (1963); Dean v. Mayes, supra.”
We have carefully read the record in this case and are convinced that it contains testimony which, if believed by the jury, as it obviously was, justifies the verdict in favor of Haas.
Calhoun next contends that there were improper remarks and questions by Haas’s attorney in violation of the collateral source rule. We have carefully read the testimony in this case and reviewed all exhibits and find this to be without merit. Some of the questions objected to were directed to a period ten years before the accident and had nothing to do with any collateral benefit received by Calhoun as a result of the March 1981 accident. Gribble v. Cox, 349 So.2d 1141 (Ala.1977). These questions were not responded to and the trial judge gave a prompt curative instruction. These questions were not so prejudicial as to require a new trial. Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972). The other remark came during the direct examination of an employment and rehabilitation expert called by Haas. To show that the jobs in which Calhoun could be placed would be at least as remunerative as her employment at the time of her injury, the expert was asked if he was familiar with Calhoun’s earnings during the year before the accident. The expert's answer as to Calhoun’s income was an amount almost five times as high as her earned income and included monies which she received from her deceased husband’s pension. Haas’s attorney asked the expert if that “took into account some other earnings that aren’t in issue here, such as a pension or something.” This was objected to before the question was completed. The objection was overruled. The income which Calhoun had earned the year preceding the accident was in evidence, and this was presented to the expert, who then got back on track, and the case proceeded. This remark did not violate the collateral source rule. Gribble v. Cox, supra.
The only evidence in the record which in any way involved the collateral source rule was Calhoun’s Exhibit 6, which was a medical bill containing the notation “Insurance filed.” This was introduced by Calhoun herself.
There is no error in the record and the judgment should be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and BEATTY, JJ., concur.