COOK, Justice.
Fred Waites and his wife Mary Waites appeal from a judgment entered on a jury verdict in favor of Audrey Malone in the Waiteses’ personal injury action against Malone. We affirm.
The Waiteses alleged that on October 8, 1990, Malone negligently or wantonly drove her automobile through the intersection of South Street and West Battle Street in Tal-ladega, into the rear of the Waiteses’ automobile as the Waiteses paused behind an automobile driven by Barbara Wilson, who was preparing to make a left turn. They alleged that the impact propelled their vehicle, driven by Mr. Waites, into the rear of Wilson’s vehicle. The Waiteses both sought compensation for personal injuries, and Mary Waites sought compensation for loss of consortium.
Following a trial on February 22, 1993, the trial judge submitted the Waiteses’ claims to the jury. The court also submitted Malone’s affirmative defense of contributory negligence. The jury returned a verdict for Malone. The Waiteses moved for a new trial, which the court denied. On appeal, the Waiteses contend that Malone failed to produce substantial evidence that they negligently contributed to the accident, and that the verdict was against the weight of the evidence.
Most of the evidence regarding the cause of the accident and the sequence of events leading to the accident is disputed. Under Malone’s theory of the accident, Mr. Waites negligently drove his car into the rear of Wilson’s car; thereby, she says he negligently caused her to drive her ear against his. Specifically, Malone says Mr. Waites followed too closely behind Wilson and failed to keep a proper lookout. Malone essentially *397 contends that Mr. Waites failed to apply his brakes in time to avoid colliding with Wilson’s car and thus deprived Malone of a timely warning of his intention to stop and deprived her of the opportunity to apply her brakes in time to avoid colliding with the Waiteses’ car.
In support of her theory, Malone presented the testimony of Barbara Wilson, the driver of the forward automobile. Wilson testified that an instant before the accident she saw in her rear-view mirror the reflection of the Waiteses’ car approaching from a distance of approximately 15 feet. She stated that approximately two seconds later, her car was struck with such force that the front passenger seat, which was occupied by Debbie Carden, broke. According to her testimony, she then remarked to Carden: “He hit us.” At that moment, she explained, she felt a second impact. Carden’s testimony corroborated Wilson’s description of the accident in every material detail.
The Waiteses offered a very different description of the sequence of events. Mr. Waites testified that the first impact was caused by Malone’s vehicle striking the rear of his vehicle; that impact, he said, forced his car into the rear of Wilson’s vehicle. Mr. Waites further testified that after the first impact, Malone backed up and then rammed his ear a second time.
The jury was free to resolve this sharply conflicting testimony into a sequence of events consistent with the theory advanced by Malone. That “another jury may have accepted [the Waiteses’] version, which this jury [apparently] rejected, is of no consequence to the issue before us, so long as the jury’s verdict is in fact supported by the evidence.” Intercontinental Life Ins. Co. v. Lindblom, 598 So.2d 886, 889 (Ala.), cert. denied, — U.S. -, 113 S.Ct. 200, 121 L.Ed.2d 142 (1992). We conclude that the verdict was not contrary to the weight of the evidence. See Goodson v. Elba Baking Co., 408 So.2d 498 (Ala.1981) (affirming a judgment based on a jury verdict in favor of a truck driver whose vehicle struck the rear of another vehicle); Harris v. Berrey, 393 So.2d 984 (Ala.1981) (affirming a judgment entered on a jury verdict in favor of a motorist whose vehicle struck the rear of another vehicle); Cotton v. Gamble, 355 So.2d 350 (Ala.1978) (same).
In this connection, the Waiteses present on appeal — for the first time — an additional argument, namely, that the trial judge erred in charging the jury “that if [it] found [both] plaintiffs guilty of contributory negligence then [neither plaintiff] could ... recover for the simple negligence of the defendant.” Brief of Appellants, at 9-10. The Waiteses contend that the trial judge should have instructed the jury that any contributory negligence of Mr. Waites, the driver, would not bar a recovery by Mrs. Waites, the passenger.
This argument simply comes too late. “No party may assign as error the ... giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.” Ala.R.Civ.P. 51. (Emphasis added.) “The purpose of this rule is to ensure that the trial court is adequately informed of its alleged error and is afforded the opportunity to correct it.” Mason v. Jack Daniel Distillery, 518 So.2d 130, 135 (Ala.Civ.App.1987).
Having searched the record, we must conclude that the Waiteses failed to comply with Rule 51. At the charging conference, for example, the following colloquy occurred:
“[The Waiteses’ counsel:] We are strongly opposed to any contributory negligence charge being given in view of the fact that first of all there is wantonness involved. And the years that I’ve tried lawsuits I have never heard a contributory negligence charge given where somebody was rear-ended. This may be a first. Contributory negligence is totally inappropriate where it is undisputed the Waiteses were on a portion of the highway where they had a right to be. They were traveling under the required speed limit. They had their blinker on and were either totally stopped or were in the business of stopping when they were struck from the rear.
[[Image here]]
“[The Waiteses’ counsel:] I’ve never heard a contributory negligence charge given in a rear-end collision.
*398 “[The court:] I’m fixing to give one and I’m inclined to give a wantonness charge, too.
“[Malone’s counsel:] All right, sir.
[[Image here]]
“[The Waiteses’ counsel:] Your Honor will, of course, then charge the jury that contributory negligence is not a defense to wanton conduct.”[1]
After the jury was charged, the Waiteses’ counsel stated: “I would like to reserve an exception to your Honor’s having given the contributory negligence charge. We contend there is no evidence of contributory negligence and we respectfully except [to] the giving of that charge.”
These discussions do not contain the argument now advanced by the Waiteses, that Mrs. Waites’s claim should not be subject to the contributory negligence defense, or, alternatively, that the contributory negligence defense, as it related to Mrs. Waites’s claims, required an analysis entirely different from the analysis required in regard to that defense as it related to Mr. Waites’s claims. Because the Waiteses merely contested the applicability of a general contributory negligence instruction, they failed adequately to state “the matter to which [they] objected] and the grounds of [their] objection.” See Ala.R.Civ.P. 51. Consequently, they failed to “ensure that the trial court [was] adequately informed of its alleged error and [was] afforded the opportunity to correct it.” See Mason v. Jack Daniel Distillery, 518 So.2d 180, 135 (Ala.Civ.App.1987). We cannot review this issue.
The judgment of the trial court is affirmed. AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.

. The trial judge then charged the jury in the following manner:
"If you are reasonably satisfied from the evidence that these particular plaintiffs were guilty of contributory negligence, then the plaintiffs cannot recover for any initial, simple negligence of the defendant.
"Now, this defense of contributory negligence is not a defense to [the] plaintiffs' other claim of wantonness. It only lies to the claim of negligence and I will explain the wanton charge to you just a little later on in the charge.”